**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ARMANDO D. MORA** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 5:20-cv-00320** |
| **UNITED STATES** | § | |
| | § | |
| *Defendant* | § | *JURY REQUESTED* |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Armando D. Mora ("Plaintiff"), and files his Original Complaint. Pursuant to the Federal Tort Claims Act ("FTCA"), 28 USC §1346(b), Plaintiff hereby names the United States as the Defendant in this matter. The actions of Dr. Grant W. Mallory ("Dr. Mallory") and Brooke Army Medical Center (the "Hospital") collectively, both agents and/or employees of the United States, caused damages to Plaintiff for which Dr. Mallory and the Hospital would be liable to Plaintiff under applicable Texas law.  Therefore, Plaintiff brings his claims solely against the United States under the FTCA for the actions of its employees and/or agents.  In support, Plaintiff respectfully shows the Court as follows:

## PARTIES

1. Plaintiff is an adult residing in San Antonio, Texas.

2. Defendant United States is sued for the personal injuries of Plaintiff, caused by the negligent or wrongful acts of its employees and/or agents. As described fully below, those employees and agents were acting within the scope of their office or employment under circumstances where the United States, if a private defendant, would be found liable to Plaintiff under Texas law. See 28 USC §1346(b). The United States may be served with process through the Office

of the General Counsel, located at 202 Independence Avenue Southwest, Washington, D.C. 20201.

## JURISDICTION

3.  The Court has jurisdiction over this lawsuit under 28 U.S.C. §1346(b) because the suit involves a claim against the United States for injury caused by the negligent act and omissions of a government employee while acting within the scope of his office and employment.

## VENUE

4.  Venue is proper in this Court under 28 U.S.C. §§1391(b)(2) and 1402(b) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

5.  All conditions precedent have been performed or occurred.

6.  Plaintiff timely presented this claim in writing to the Department of Health and Human Services. This suit is filed within six months after the agency's presumptive denial of Plaintiff's claim in accordance with 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(a).

## RESPONDEAT SUPERIOR

7.  Defendant is legally responsible to Plaintiff for the acts and omissions of their employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency, and/or ostensible agency. As a result thereof, Defendant is vicariously liable for all wrongful and illegal acts, omissions, and conduct of their employees, agents, servants, and representatives.

## MISNOMER/ALTER-EGO

8.  In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of

parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interests of justice.

## FACTS

9.  Dr. Mallory is a civilian surgeon employed at the Brooke Army Medical Center in San Antonio, Texas, located at 3551 Roger Brooke Drive, San Antonio, Texas 78219.

10. On or about September 30, 2017, Plaintiff sustained a fall at home and was subsequently transferred to the Hospital for medical care.  After evaluation at the Hospital, Plaintiff was found to have a right epidural hematoma/subdural hematoma in need of immediate surgery. He was subsequently prepped for a right-sided craniotomy, a surgical procedure.

11. On or about October 1, 2017, Dr. Mallory erroneously performed a left-sided craniotomy. When no hematoma was found, Dr. Mallory realized his error and closed the left-sided craniotomy.   Then, a right-sided craniotomy (the correct procedure) was performed on Plaintiff.

12. Due to Dr. Mallory and the Hospital staff's breach of the applicable standard of care, Plaintiff was exposed to an unnecessary, invasive medical procedure, resulting in a prolonged hospital stay, unnecessary trauma, and other damages as described herein.

## FEDERAL TORT CLAIMS ACT

13. The acts and omission by Defendant's employees and/or agents was wrongful and negligent. Specifically, Defendant's employees and/or agents were acting in the course and scope of their office and employment and had a duty to exercise ordinary medical care within the accepted standards of care, reasonably and prudently. Under the laws of the State of Texas, a physician would be liable to Plaintiff for the acts and omissions. Under 28 U.S.C §2674, the United States

Plaintiff's Original Complaint

is liable to Plaintiff for his damages resulting from the personal injury and medical malpractice described below.

## CAUSE OF ACTION
### Negligence

14. Defendant, individually and/or by and through its agents, servants, representatives, and/or employees, acting in the course and scope of their employment, were negligent in their care and treatment of Plaintiff including, but not limited to, the following:

   a. Performing a left-sided craniotomy on Plaintiff when the standard of care required a  a right-sided hematoma;

   b. Improperly performing, recording, and/or reading of Plaintiff's physical exams, which indicated a right epidural hematoma/subdural hematoma;

   c. Delay in appropriate care to Plaintiff;

   d. Failing to verify side of injury in comparison to images prior to beginning surgical procedures;

   e. Failing to follow or implement proper procedures and safeguards to prevent wrond-sided surgeries; and

   f. Such other acts and omissions of negligence as may be developed during the discovery of this matter and shown at the time of trial.

15. As a result of the negligence of Defendant's employees and/or agents, the breaches in care caused subsequent delay in appropriate treatment which allowed for delayed healing, increased pain, prolonged hospital care, permanent scarring, and Plaintiff's ultimate prognosis. Plaintiff has incurred pain and suffering, will continue to suffer for the entirety of his life, and will be subject to additional costs of medical care for the rest of his future. These damages are within the jurisdictional limits of this Court.

Plaintiff's Original Complaint

### **Gross Negligence/Exemplary Damages**

16. Plaintiff further alleges that the acts and/or omissions of Defendant, directly and by and through its agents, servants, and employees, as described herein, were the result of Defendant's reckless disregard of Plaintiff's welfare and condition. That is, Defendant's failure to properly manage care of Plaintiff and the improper performance of a left-sided craniotomy procedure, when the standard of care requires a right-sided craniotomy on Plaintiff.  Plaintiff placed his health in Defendant's care which led to the opening of the wrong side of his head. By reason of Defendant's gross negligence, Plaintiff hereby seeks recovery of punitive/exemplary damages.

### **RES IPSA LOQUITOR**

17. The conditions and/or instrumentalities involved in the incident(s) complained of herein were under the management and control of Defendant, and/or its agents, servants, and employees. The character of the events and circumstances causing Plaintiff's injuries would not ordinarily occur in the absence of negligence and, under these circumstances, Defendant's negligence must be inferred under the Doctrine of Res Ipsa Loquitor as the doctrine is understood by law.

### **DAMAGES**

18. Plaintiff incorporates Paragraphs 1 through 17 by reference.

19. As a direct and proximate result of the acts and omissions outlined above, Plaintiff has been severely damaged.  The conduct of Defendant's employees and or agents caused physical pain and loss, economic losses, loss of consortium, future medical expenses, future care, as well as emotional distress, mental anguish, and trauma.

20. Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate them for the following damages:

Plaintiff's Original Complaint

    a.   Medical, hospital, and pharmaceutical charges and expenses in the past;

    b.   Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

    c.   Past, present, and future mental anguish;

    d.   Pain and suffering in the past;

    e.   Pain and suffering that, in reasonable probability, will be suffered in the future;

    f.   Loss of consortium;

    g.   Disability and impairment in the past;

    h.   Disability and impairment that, in reasonable probability, will occur in the future; and

    i.   Disfigurement.

21. Plaintiff has suffered damages from Defendant's agents and/or employees wrongful conduct described herein. Accordingly, Plaintiff is seeking damages of $1,000,000.00.

## **PRAYER**

For these reasons, Plaintiff seeks judgment against Defendant for:

    a.   compensatory and actual damages in an amount deemed sufficient by the trier of fact;

    b.   costs of court;

    c.   interest allowed by law for prejudgment and/or post-judgment interest; and

    d.   such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Plaintiff's Original Complaint

Respectfully submitted,

PARANJPE & MAHADASS LLP
By: */s/ Tej R. Paranjpe*
Tej R. Paranjpe
Texas State Bar No. 24071829
LEAD COUNSEL
Benjamin H. Ruemke
(Admission to Western District Pending)
Texas State Bar No. 24079250
3701 Kirby Drive, Suite 530
Houston, Texas 77098
(832) 667-7700 (Telephone)
(832) 202-2018 (Facsimile)
tparanjpe@pandmllp.com
bruemke@pandmllp.com